# In the United States Court of Federal Claims

NANNETTE L. CARLEY,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

No. 24-1707T
(Filed December 5, 2024)

Nannette L. Carley, Tomball, TX, pro se.

Eric J. Smith, Tax Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

**SILFEN,** *Judge.*

      Nannette Carley, proceeding without an attorney, filed a complaint in this court alleging that the federal government is defrauding her with false tax claims. She alleges that the government has labeled her as seriously delinquent on tax payments, and because of that, the federal government denied her a passport, liens were placed on her properties, and she cannot take out loans or cash checks. The tax delinquencies Ms. Carley references appear to be state or local taxes, and the liens were likewise imposed by state and local authorities. This court does not have jurisdiction over suits against state or local government agencies or employees, and its authority over federal tax claims is limited to requests for refunds of taxes already paid, rather than requests to cancel taxpayers' debts. The court also does not have jurisdiction over tort claims, so even if Ms. Carley could prove allegations of fraud, this court cannot decide those claims. And the court cannot

1

address claims for non-monetary relief, such as any requests to undo the decisions about her passport, bank account, or loan applications. The court thus **dismisses** Ms. Carley's complaint sua sponte under rule 12(h)(3) of the Rules of the Court of Federal Claims. The court **grants** Ms. Carley's motion to proceed in forma pauperis.

**I.    Background**

Ms. Carley alleges that the government falsely determined that she owes $2.5 million in estate taxes and has therefore placed liens on her properties. ECF No. 1 at 1-2. She alleges that the liens on her properties have cost her the "sales of [her] properties and other losses in excess of $3 Million." *Id.* at 2. She also alleges that, because of her tax bill, she cannot get a passport, open a bank account, get a loan, or cash a check. *Id.* Ms. Carley states that four properties, including her house, were seized and sold or scheduled for sale by local county authorities in Tomball and Magnolia, Texas. ECF No. 2 at 3; ECF No. 1-1. She seeks $2.5 million in monetary relief (ECF No. 1-1), a cancellation of all liens and debt, a letter of release "showing $0 balance" owed, and a letter stating she is not "liable for any taxes of this type." ECF No. 1 at 3.

**II.    Discussion**

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States "in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This

court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

This court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rules of the Court of Federal Claims, Rule 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction on its own. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A.   This court lacks jurisdiction over Ms. Carley's complaint

Even liberally construed, this court does not have jurisdiction over Ms. Carley's complaint. This court only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted). The court lacks jurisdiction over state and local entities and people employed by state and local entities. *Curry v. United States*, 787 Fed. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities).

Ms. Carley alleges that, because of the taxes she owes, local county officials in Texas, not federal government actors, seized her properties. ECF No. 2 at 3. The court takes judicial notice that Ms. Carley has filed lawsuits alleging that state and local actors seized her properties. *See Carley v. Tomball Independent School District*, 2020 WL 2373768, *1 (S.D. Tex. Apr. 15, 2020) ("Plaintiff filed this lawsuit … as a result of two state-court judgments that were entered against her … [in] the 284th and 151st District Courts of Texas … [which] ordered that Defendant could foreclose on various properties owned by Plaintiff in order to satisfy Plaintiff's debt for unpaid property taxes."); *see also Carley v. Saalwaechter, Inc.*, No. 09-21-00387-CV (Tex. App. Beaumont [9th Dist.] 2024) (finding that Ms. Carley had not redeemed her property from a tax foreclosure sale under the Texas tax code).

And the taxes Ms. Carley owes are not federal taxes. Ms. Carley sued the Commissioner of Internal Revenue in federal tax court, and the court dismissed that suit because the court determined that the IRS had issued "no notice of deficiency, … no notice of determination concerning collection action, … [nor] any other determinations … that would confer jurisdiction on the Court." *Carley v. Commissioner of Internal Revenue*, No. 132-19 (T.C. 2019). The tax collections and seizures that Ms. Carley alleges may have been undertaken by state and local authorities, but they were not undertaken by the federal government.

Notably, this court's jurisdiction over federal tax claims is also limited to "civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013); 28 U.S.C. § 1346(a)(1). That is, the court's jurisdiction is limited to cases in which the plaintiff is seeking a federal tax refund on an amount already paid. Ms. Carley alleges that she is wrongly accused of owing taxes, not that she has paid an unjustified tax. ECF No. 1.

This court also does not have jurisdiction over Ms. Carley's broader allegation that the government defrauded her. "Fraud … [is a] tort claim[] over which this Court lacks subject matter jurisdiction." *Jackson v. United States*, 162 Fed. Cl. 282, 293 (2022); *see also Phu Mang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (treating a fraud claim as a tort). Tort claims are outside this court's jurisdiction. *Rick's Mushroom Service., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); 28 U.S.C. § 1491(a)(1).

Finally, the court cannot address Ms. Carley's allegations that she cannot obtain a passport, bank account, or loan because she was listed as "seriously delinquent" based on the alleged tax claims on her property. ECF No. 1 at 2. The court generally does not have jurisdiction over claims for non-monetary relief. *RadioShack Corp v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (The Tucker Act "gives the [Court of Federal Claims] authority to render judgment on certain monetary claims against the United States"); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act.").

## B. Ms. Carley may proceed in forma pauperis

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling her to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial information, that the plaintiff is unable to pay the filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is

whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 Fed. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Ms. Carley states that she has been unemployed since 2013 and that her only source of income has been "nominal" gifts and the sale of her household items. ECF No. 2 at 2. She states that her monthly household and medical expenses amount to about $3,000 and that she often goes without essentials such as medicine or food because her income usually cannot cover the costs. *Id.* Ms. Carley has $59 in cash or savings. *Id.*

Ms. Carley's disclosed financial circumstances fall within the range that has warranted in forma pauperis status in other cases. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 23-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023), this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a monthly income that left more to cover her expenses than Ms. Carley. Ms. Carley does not have a reliable income with which she can cover the court's fee. *See U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (eff. Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/default/files/fee_schedule_20231201.pdf ($405.00 total filing fee). Ms. Carley has demonstrated that paying the filing fee would cause undue hardship.

### III. Conclusion

For the reasons stated above, this Court **grants** Ms. Carley's motion to proceed in forma pauperis and sua sponte **dismisses** Ms. Carley's complaint for lack of subject-matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                   s/ Molly R. Silfen
                                                  MOLLY R. SILFEN
                                                  Judge